# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA ALLEN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL; LAURA D. ORT-PRESLEY; TRAVIS M. NAGY; and CYNTHIA FORD,<br><br>　　　　　Defendants. | **1:17-cv-702-GSA**<br><br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br><br>(Doc. 1) |

**I.　INTRODUCTION**

Pro se plaintiff, Erika Allen ("Plaintiff"), filed a Social Security complaint (the "complaint") on May, 19, 2017. (Doc. 1). In the complaint, Plaintiff challenges a denial of her application for Disability Insurance Benefits. The Court has reviewed the complaint and dismisses the pleading with leave to amend because it fails to state a claim, and because it appears that jurisdiction is not proper. Although Plaintiff filed an appeal with the Appeals Council, it appears that Plaintiff did not file her complaint in this Court within sixty days of the receiving Appeals Council decision as required. Failure to timely file an appeal results in divesting this Court's jurisdiction to hear this case. Notwithstanding this lack of jurisdiction, Plaintiff will be granted leave to file a First Amended Complaint to possibly establish that jurisdiction is proper, as well as to cure the deficiencies outlined in this order.

1

## II. DISCUSSION

### A. Screening Standard

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

### B. Plaintiff's Allegations

In the complaint, Plaintiff alleges that Administrative Law Judge Cynthia Floyd ("ALJ") was biased against her and improperly denied her disability claim. Specifically, Plaintiff contends that the ALJ did not properly identify all of Plaintiff's severe impairments, she improperly

calculated the periods that Plaintiff engaged in substantial gainful activity, and the ALJ did not properly consider all of the medical evidence. Plaintiff requests that the case be remanded back to the Office of Disability Adjudication Review so that she can get a fair hearing with an ALJ.

**C. Analysis**

As a preliminary matter, although Plaintiff signed this complaint (Doc. 1, pg. 40), the body of the complaint is written by her husband Stanley Keith Allen, who indicates that he is Plaintiff's representative and is assisting Plaintiff with her case. (Doc. 1, pg. 6). Plaintiff is advised that Pursuant to Local Rule180 (b), only members of the Bar of this Court are permitted to practice in this district. *See also, McShane v. United States*, 366 F. 2d 286, 288 (9th Cir. 1966) (holding that a lay person lacks authority to appear as an attorney for others). Therefore, Mr. Allen may not represent Plaintiff in these proceedings and shall not be listed on any future pleadings unless he is an attorney that has been admitted to practice in this Court and has filed a Notice of Appearance indicating that he is Plaintiff's lawyer. Only Plaintiff can represent herself in this Court. Alternatively, Plaintiff may hire an attorney, which may be advisable as this case appears to present several complex legal issues.

*1. Rule 8(a)*

As Rule 8(a) states, a complaint must contain "a short and plain statement of the claim." The rule expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id*. at 47. As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 129 S.Ct. at 1949 (2009).

In this case, although Plaintiff asserts that her application was wrongfully decided, the complaint is largely a narrative outlining her opinion of why she disagrees with the ALJ's decision. If Plaintiff wishes to pursue her claim in this Court, any pleading must succinctly identify specific legal or factual errors in the ALJ's decision rather than merely stating a contrary

opinion, making broad assertions, or rendering legal conclusions without a factual and legal basis.

## 2. **Plaintiff's Appeal May Be Time-Barred**

Additionally, it appears that the filing of Plaintiff's initial complaint in this Court is time-barred and consequently divests this Court of jurisdiction. Plaintiff is advised that judicial review of the Commissioner's administrative decisions is governed by Section 405(g) and (h) of the Social Security Act, which reads in relevant part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party, irrespective of the amount in controversy, **may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision** or within such further time as the Commissioner of Social Security may allow.
>
> (h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of facts or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

Section 405(g) and (h) therefore operates as a statute of limitations setting a sixty day time period in which a claimant may appeal a final decision of the Commissioner. As part of this process, Plaintiff must have exhausted her administrative remedies prior to filing a case in this Court. Specifically, upon receiving her denial from an administrative law judge, Plaintiff had sixty days to file an Appeal with the Appeals Council. 20 CFR §§ 404.967 and 404.968. When the Appeals Council reviews the case, it will either affirm, modify, or reject the ALJ's recommendation. 20 CFR § 404.979. It may also remand the case. 20 CFR § 404.977. The Appeals Council's decision is binding unless a party files an action in federal district court within sixty days of the Appeals Council's decision. 20 CFR §§ 422.210 and 404.981.

It appears that Plaintiff has exhausted her administrative remedies. She submitted two Appeals Council's decisions dated June 17 and December 5, 2016, denying her appeal.[1] (Doc. 1, pgs. 12- 14, and pgs. 15-22). Both of the decisions advised Plaintiff that unless she obtained an

---

[1] In the December 5, 2016 decision, the Appeals Council set aside the June 17, 2016 decision after considering additional evidence. (Doc. 1, pg. 15). In the latter decision, the Appeals Council found that the additional information Plaintiff submitted did not provide a basis for changing the ALJ's decision. (Doc. 1, pg. 16).

extension of time from the agency, she had sixty days after receiving the decision to file an appeal in this Court. (Doc. 1, pgs. 13 and 17). The agency assumes the letter was received five days after the date on the order unless it is demonstrated that it was not received within the five day period. (Doc. 8, pgs. 13 and 17). Plaintiff did not file her complaint in this Court until May 19, 2017 (Doc. 1), which is well beyond sixty days from the latest Appeals Council order which is dated December 5, 2016. Based on the face of the documents, it appears that Plaintiff's appeal is untimely.

Plaintiff is advised that in certain rare circumstances, the doctrine of equitable tolling allows a plaintiff to avoid the statute of limitations. *Supermail Cargo Inc. v. United States*, 68 F.3d at 1206. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, —— U.S. ——, 132 S.Ct. 1414, 1419 (2012) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (emphasis omitted). Equitable tolling is only warranted where "litigants are unable to file timely documents as a result of external circumstances beyond their direct control." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (quoting *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008)) (alterations and internal quotation marks omitted). "Generally, equitable circumstances that might toll a limitation period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988).

For example, in *Bowen v. City of New York*, 476 U.S.467 (1986), the court applied equitable tolling because plaintiffs were prevented from filing because of "the Government's secretive conduct." *Bowen*, 476 U.S. at 467. Likewise, in *Vernon v. Hecker*, 811 F. 2d 1274, 1275 (9th Cir. 1987) the court reasoned that equitable tolling was appropriate because the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended. In contrast, however, in *Turner v. Bowen*, 862 F.2d 708 (8th Cir. 1988), the court did not find equitable tolling applicable because the plaintiff was not "unusually disadvantaged in protecting his own interests" despite his being illiterate and unrepresented when he received the letter from the Appeals Council denying his benefits and informing him of his

right to file a civil action. *Turner*, 862 F.2d at 709. Thus, equitable tolling only applies in rare circumstances. If Plaintiff did not file her complaint within sixty days of receiving the last Appeals Council decision and she did not get an extension of time from the agency to file her complaint late, she needs to articulate facts similar to those outlined above in order to establish equitable tolling applies and that her claim in not time barred.

Given the above, Plaintiff will be given a final opportunity to amend the complaint to establish that jurisdiction is proper. In any amended complaint, Plaintiff must establish that she filed this case within sixty days of receiving the Appeals Council denial of her benefits, that she received an extension of time from the agency to file a late complaint, or that equitable tolling applies to her case.

### **3**. **Proper Defendant**

Plaintiff is advised that the Commissioner of Social Security, presently, Nancy A. Berryhill, is the proper defendant in an action challenging the denial of Social Security benefits. 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"). 20 CFR 422.210(d) elaborates:

> Proper defendant. Where any civil action described in paragraph (a) of this section is instituted, the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant. Any such civil action properly instituted shall survive notwithstanding any change of the person holding the Office of the Commissioner or any vacancy in such office. If the complaint is erroneously filed against the United States or against any agency, officer, or employee of the United States other than the Commissioner, the plaintiff will be notified that he has named an incorrect defendant and will be granted 60 days from the date of receipt of such notice in which to commence the action against the correct defendant, the Commissioner.

20 CFR § 422.210.

Plaintiff's complaint currently lists the Commissioner of Social Security, Nancy A. Berryhill, as well as several other individuals including: Laura D. Ort-Presley, Division Chief Administrative Appeals Judge, Travis Nagy, an Appeals Officer, and Cynthia Ford, Administrative Law Judge. The proper Defendant in this action is Nancy A. Berryhill, who is now the Acting Commissioner of Social Security. Plaintiff shall exclude any other Defendant from any amended complaint.

### III. Conclusion and Order

As set forth above, it appears the Court lacks jurisdiction to hear Plaintiff's case. However, if Plaintiff believes that there are other facts that the Court should consider to establish proper jurisdiction, she may file an Amended Complaint no later than **July 31, 2017**. If Plaintiff chooses to file a First Amended Complaint, she must establish that this Court has jurisdiction, and state a claim in the amended pleading. An amended complaint must bear the docket number assigned in this case and be labeled "First Amended Complaint." As previously explained, Plaintiff's husband may not act as Plaintiff's representative. If Plaintiff is representing herself, only she can sign the pleading which must be signed under penalty of perjury. Plaintiff is advised that as a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the First Amended Complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. If Plaintiff no longer wishes to pursue her case after reviewing this order, she shall file a Notice of Voluntary Dismissal.

*Plaintiff is advised that failure to file a First Amended Complaint by <u>July 31, 2017</u> will result in dismissal of this action.*

IT IS SO ORDERED.

Dated: **July 5, 2017**                    **/s/ Gary S. Austin**
                                                             UNITED STATES MAGISTRATE JUDGE