# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA ALLEN,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Commissioner of Social Security,<br><br>        Defendant. | No. 1:17-cv-00702-GSA<br><br>**ORDER TO SHOW CAUSE FOR PLAINTIFF'S FAILURE TO FILE OPENING BRIEF** |

On May 19, 2017, Plaintiff filed a complaint requesting a review of the Commissioner's denial of disability benefits. Doc. 1. On May 29, 2018, following multiple amendments and extensions of time, the Court granted Plaintiff's Unopposed Request for an Extension of Time in which to file a confidential letter brief. Doc. 30. The Court warned Plaintiff that "future requests for extensions of time will be looked upon with disfavor" and encouraged Plaintiff to seek the advice of counsel. Doc. 30. On July 30, 2018, Plaintiff served Defendant with her confidential letter brief. Doc. 31. On September 10, 2018, Defendant served Plaintiff with her response. Doc. 32.

In the event that the parties stipulated to a remand, they were to have filed a stipulation

1

within fifteen (15) days following service of Defendant's response on Plaintiff. Doc. 26, ¶ 4. No such stipulation was filed. In the event that the parties did not agree to remand, Plaintiff's opening brief was to be filed with the court and served on Defendant within thirty (30) days following service of Defendant's response on Plaintiff. Doc. 26, ¶ 6. To date, Plaintiff has not filed her opening brief with the Court.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazali*, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Given the above, Plaintiff is hereby ORDERED *to file a written response* to this Order to Show Cause WITHIN twenty (20) days of the date of this Order, explaining why she has not filed an opening brief in accordance with the *Amended* Pro Se Order Setting Deadlines (Doc. 26). In the alternative, Plaintiff may file an opening brief within twenty (20) days of the date of this order. No further extensions of time will be granted.

**Failure to respond to this Order to Show Cause within the time specified may result in dismissal of this action.**

IT IS SO ORDERED.

Dated: **October 25, 2018**              **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE

3